UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL PROUT,<br><br>                      Plaintiff,<br><br>v.<br><br>U.S. E.E.O.C; SAN DIEGO COUNTY; S.E.I.U; and COSTCO,<br><br>                      Defendants. | Case No.: 23-CV-2105 JLS (DEB)<br><br>**ORDER TO SHOW CAUSE REGARDING JOINDER OF DEFENDANTS** |

      Presently before the Court is the Complaint ("Compl.," ECF No. 1) filed by Plaintiff Kevin Michael Prout. Plaintiff, appearing pro se, initiated this action and paid the required filing fee on November 16, 2023. Plaintiff's suit targets an eclectic combination of entities, including the Equal Employment Opportunity Commission ("EEOC"), San Diego County (the "County"), "S.E.I.U." (the "Union"), and Costco Mission Valley ("Costco") (collectively, "Defendants"). Costco filed a Motion to Dismiss ("Costco's Mot.," ECF No. 10) on January 3, 2024, which has been fully briefed. The Union filed its own Motion to Dismiss ("Union's Mot.," ECF No. 16) on February 12. Briefing on the Union's Motion is currently due by March 21. *See* ECF No. 18. The remaining Defendants have yet to appear. *See* Docket. For the reasons that follow, the Court now **VACATES** the remaining deadlines relating to the Union's Motion and **ORDERS** Plaintiff to **SHOW CAUSE** why one or more Defendants should not be dropped from this case.

## DISCUSSION

The Court is concerned that Defendants have not been properly joined in this action. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This principle exists to prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Blair v. Herrera-Salazar*, No. 319CV01261DMSKSC, 2019 WL 13448296, at *7 (S.D. Cal. Sept. 5, 2019) (alterations in original) (quoting *George*, 507 F.3d at 607). While the misjoinder of a party on its own does not provide grounds for dismissing an action, a court may *sua sponte* drop improperly joined parties at any point in the litigation. *See* Fed. R. Civ. P. 21.

The test for joinder applicable here stems from Federal Rule of Civil Procedure 20(a)(2). That rule allows multiple defendants "[to] be joined in one action" if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). For the joinder of multiple defendants to be proper, "[b]oth prongs" of Rule 20(a)(2) "must be satisfied." *Viral DRM LLC v. Onyshchuk*, No. 3:23-CV-04300-JSC, 2024 WL 189011, at *2 (N.D. Cal. Jan. 17, 2024).

The Complaint's allegations, which are difficult to parse, reveal few connections between Plaintiff's claims. As far as the Court can tell, Plaintiff alleges the County violated his constitutional rights by failing to provide him with a mail-in ballot. *See* Compl. at 5, 9–10.[1] Meanwhile, Plaintiff appears to accuse the Union of depriving him of some retirement benefits. *See id.* at 11–12. Elsewhere, the Complaint discusses a potential negligence claim against Costco based on a 2021 "trip[] and f[a]ll" incident. *See id.* at 13–14. Finally, Plaintiff mentions that he filed a formal complaint with the EEOC, possibly relating to his struggle to receive a mail-in ballot. *See id.* at 5. It is unclear, however, what wrongdoing—if any—Plaintiff attributes to the EEOC.

---

[1] Pin citations refer to the blue CM/ECF page numbers stamped across the top margin of each page.

Upon review of the Complaint, none of Plaintiff's claims appear to arise from the "same transaction" or "occurrence," nor does it appear that "any question of law or fact common to all defendants" is likely to surface. *See* Fed. R. Civ. P. 20(a)(2). Accordingly, the Court finds Plaintiff has not complied with Rule 20.

## CONCLUSION

In light of the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** why one or more Defendants should not be dropped from this case for improper joinder. Plaintiff **SHALL FILE** a response to this Order, not to exceed ten (10) pages, within twenty-one (21) days of the date on which this Order is electronically docketed. In his response, Plaintiff may, if he so chooses, limit his claims to certain Defendants and file one or more separate actions—with new complaints and filing fees—against the remaining Defendant or Defendants. Failure to timely respond to this Order will result in one or more Defendants being dropped from this action pursuant to Federal Rules of Civil Procedure 20 and 21.

As the exact dimensions of this case will remain unsettled until Plaintiff responds to this Order to Show Cause, the Court also **VACATES** (1) the remaining filing deadlines associated with the Union's Motion; and (2) the related motion hearing currently scheduled for March 18, 2024. If appropriate, the Court will set a new briefing schedule for the Union's Motion after the joinder question has been resolved.

**IT IS SO ORDERED.**

Dated: March 11, 2024

Hon. Janis L. Sammartino
United States District Judge