UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL PROUT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. E.E.O.C; SAN DIEGO COUNTY; and S.E.I.U,<br><br>　　　　　　　　　Defendants. | Case No.: 23-CV-2105 JLS (DEB)<br><br>**ORDER DISMISSING EEOC AS A DEFENDANT PURSUANT TO APRIL 18, 2024 ORDER** |

    On April 18, 2024, the Court issued an Order to Show Cause ("OSC," ECF No. 22) in this action. The Court explained that, as Defendant Equal Employment Opportunity Commission ("EEOC") is a federal agency, the doctrine of sovereign immunity prevented the Court from exercising subject matter jurisdiction over the Complaint's ("Compl.," ECF No. 1) EEOC-related claims absent an express statutory waiver of immunity. OSC at 5–6. After examining federal statutes potentially implicated by the Complaint, the Court found no such immunity waiver. *See id.* at 6–8. Accordingly, the Court directed Plaintiff Kevin Michael Prout to explain why the EEOC should not be dismissed from this action for lack of subject matter jurisdiction.

    Presently before the Court is Plaintiff's timely Response ("Resp.," ECF No. 25), which is difficult to digest and sheds little light on the matter at hand. The Response first

repeats the Complaint's allegations regarding other named Defendants. *See* Resp. at 2–4.[1] The Response then implies Plaintiff brought these allegations—which he characterizes as involving criminal behavior—to the EEOC for prosecution. *See id.* at 4. The intentions behind naming the EEOC in this *civil* action remain unclear, however. The Court's best interpretation is that Plaintiff accuses the EEOC of failing to adequately pursue his claims against the other Defendants. *See, e.g.*, *id.* at 5.

Even granting the Response the liberal construction Plaintiff's filings are due, Plaintiff has failed to persuade the Court that it may exercise subject matter jurisdiction over the EEOC. To the extent Plaintiff might seek to challenge an agency decision pursuant to 5 U.S.C. § 702 (the Administrative Procedure Act), Plaintiff has pled no facts to support such a claim. *See Strick v. Pitts*, No. C11-5110RBL, 2011 WL 4074756, at *2 (W.D. Wash. Sept. 12, 2011) ("Even under a liberal construction, however, the Court will not supply essential facts plaintiff has failed to plead." (citing *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992))). Moreover, § 702 waives sovereign immunity for only "non-monetary claims," *Navajo Nation v. Dep't of Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017), whereas Plaintiff seeks money damages, *see* Compl. at 7; Resp. at 8. Separately, the remaining authorities cited in the Response cannot supply Plaintiff the necessary immunity waiver for the reasons given in the OSC.[2]

/ / /

/ / /

/ / /

/ / /

---

[1] Citations to Plaintiff's filings refer to the blue CM/ECF page numbers electronically stamped across the top margin of each document.

[2] For instance, Plaintiff appears to rely once again on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to pursue constitutional damages claims against the EEOC. But, as the Court has informed Plaintiff, "the United States has not waived sovereign immunity with respect to such claims." OSC at 7 (quoting *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991)).

Consequently, the Court **DISMISSES** the EEOC as a Defendant in this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 29, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge